IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIAS CUSTODIO, ) | |
| ) | |
| Petitioner, ) | Case No. CV04-589-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| GREG FISHER, Warden, I.M.S.I., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court are Respondent's Motion for Partial Summary Judgment (Docket No. 15), and Respondent's Motion to Strike (Docket No. 16). Having reviewed the motions and responses, as well as the state court record in this case, the Court enters the following Order granting in part and denying in part the pending Motions.

**I.**

**MOTION TO STRIKE**

Respondent requests that the Court strike the following documents that are attached to Petitioner's Amended Petition (Docket No. 11): (1) a six-page handwritten police report (Attachment 1, pp. 2-7); (2) a two page letter from Pat Owen, prosecutor, to Petitioner's attorney (Attachment 3, pp. 9-10); and (3) two pages of notes outlining weaknesses of the State's witnesses' statements written by an unidentified person (Attachment 3, pp. 15-16). Respondent argues that these documents were not presented to the state courts, and, therefore

**MEMORANDUM ORDER   1**

the habeas corpus statute prevents Petitioner from presenting them to this Court on federal habeas review for the first time. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

After a review of the record, the Court concludes that Petitioner has failed to show that he was diligent in attempting to place these items before the state courts. Because Petitioner has failed to meet the standard set forth in 28 U.S.C. § 2254(e)(2), he cannot use these new items for the first time on federal habeas review to support the merits of his claims. However, the Court will not strike the items, as Petitioner may wish to refer to them in making his cause and prejudice or actual innocence arguments.

## II.

### RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

**A.  STANDARD OF LAW FOR SUMMARY DISMISSAL**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**MEMORANDUM ORDER    2**

A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on such unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (proper exhaustion), or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar

**MEMORANDUM ORDER   3**

document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 32.

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issue, the federal claim is not fairly presented." In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing." *Id*. at 1000 (citing *Baldwin*).

Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those falling within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when

**MEMORANDUM ORDER   4**

a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[2]

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Finally, when the federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

---

[2] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

**MEMORANDUM ORDER**   5

**B.     BACKGROUND**

After trial by jury, Petitioner was convicted of involuntary manslaughter in the death of Patrick Kelley, voluntary manslaughter in the death of Jacob Kelley, aggravated battery in the shooting of Katherine Kelley, and burglary. *State's Exhibit A-2*, at pp. 356-80. Thereafter, Petitioner filed a direct appeal and a post-conviction action. *See State's Exhibits B-1 through D-7*. Petitioner received some relief on a sentence enhancement claim on direct appeal, but was otherwise unsuccessful in the Idaho appellate courts.

In his Amended Complaint (Docket No. 11), Petitioner asserted 25 claims (there are actually 24 because Petitioner skips number 14, but the Court will use Petitioner's numbering system to avoid confusion). The Magistrate Judge previously determined that Petitioner could not proceed on Claims 20-25 (Docket No. 13). This Court reviews that determination de novo, and agrees that Claims 20-25 are noncognizable or repetitive of Claims 1 through 19.

**C.     PROCEDURAL DEFAULT**

Respondent's Motion for Summary Dismissal challenges Claims 2, 3, and 5 through 19 on procedural default grounds. As explained above, procedural default prevents a federal court from hearing a claim where the petitioner has failed to present the federal issue to the state courts for adjudication prior to bringing the claim on federal habeas review. The Court will now review Respondent's arguments that Claims 2, 3, and 5 through 19 are procedurally defaulted.

**MEMORANDUM ORDER   6**

Claims 2 and 3

Claim 2 is that the trial court violated Petitioner's Fifth and Sixth Amendment right to a fair trial when it prohibited him from introducing specific acts of violence committed by the victims, which supported Petitioner's self-defense theory. Similarly, Claim 3 is that the trial court violated Petitioner's Fifth Amendment right to present a defense by limiting defense witness Jason Ramirez's testimony, allowing him to testify as to his opinion and the victims' reputation for violence but not allowing Ramirez to testify that one of the Kelley brothers had stabbed him one month prior to the shooting.

On direct appeal, Petitioner cited only the Idaho Rules of Evidence in support of these claims. *State's Exhibit B-3*, at p. 24. In analyzing the claims, the Idaho Court of Appeals reviewed Petitioner's three Idaho Rules of Evidence arguments, and cited one Ninth Circuit case and several state law cases. The Ninth Circuit case, *U.S. v. Keiser*, 57 F.3d 847 (9th Cir. 1995), discussed the Federal Rules of Evidence, not federal constitutional issues. *State's Exhibit B-6*, at pp. 6-10. Similarly, the state law cases cited by the Idaho Court of Appeals discuss the Idaho Rules of Evidence, other Idaho cases, and *Keiser*. The Idaho Supreme Court denied the petition for review without comment. *State's Exhibit B-9*.

As a result of the foregoing, the Court concludes that Petitioner failed to fairly present Claims 2 and 3 as federal claims in state court, and that the Idaho appellate courts did not decide the issues on any federal constitutional ground. As a result, Claims 2 and 3 are procedurally defaulted.

**MEMORANDUM ORDER - 7**

Claim 5

Claim 5 is that the trial court violated Petitioner' Fifth and Fourteenth Amendment right to a fair trial when it denied his motion for new trial on the basis of newly discovered evidence. Petitioner presented this claim on direct review, citing Idaho Criminal Rule 34, Idaho Code § 19-2406, and *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (Idaho 1976). No federal case or constitutional provision was cited in Petitioner's brief. *State's Exhibit B-3*, at 43-48. *Drapeau* focuses on Idaho Criminal Rule 33 and discusses Federal Rule of Criminal Procedure 33, but does not discuss the United States Constitution. Likewise, the Idaho Court of Appeals focused on Idaho sources – Idaho Criminal Rule 34 and the state-law abuse of discretion standard. *State's Exhibit B-6*, at pp. 10-12. The Idaho Supreme Court denied the petition for review without comment. *State's Exhibit B-9*.

Based upon the foregoing, the Court concludes that Petitioner's Claim 5 is procedurally defaulted for failure to fairly present it to the Idaho Courts as a federal claim.

**MEMORANDUM ORDER   8**

Claim 6

Claim 6 is that the trial court violated Petitioner's Fifth and Fourteenth Amendment rights when it imposed an excessive aggregate sentence of 30 years with 15 years fixed in light of the following facts: the Kelley brothers were the aggressors, they had criminal records, one of them had stabbed Jason Ramirez, and Petitioner had only one prior felony conviction and was a good candidate for rehabilitation.

Petitioner cited only state law in presenting this claim in his brief. *See State's Exhibit B-3*, at pp. 49-52. The Idaho Court of Appeals analyzed the sentence in terms of the state-law abuse of discretion standard. *State's Exhibit B-6*, at 15-16. The Idaho Supreme Court denied the petition for review without comment. *State's Exhibit B-9*. As a result of the foregoing, the Court concludes that this claim is procedurally defaulted.

The Court alternatively denies this claim on the merits. Petitioner was sentenced to an aggregate unified term of 30 years, with 15 years fixed, for two deaths, one shooting injury, and a burglary. At the time the Idaho Court of Appeals rendered its opinion in 2001, precedent from the United States Supreme Court existed which does not support Petitioner's argument of a constitutionally excessive sentence. *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for

**MEMORANDUM ORDER   9**

possessing more than 650 grams of cocaine). Because Petitioner's sentence is not contrary to *Hutto* or *Harmelin*, he is not entitled to relief under §2254.

Claims 8 through 19

It appears that Petitioner raised Claims 8 through 19 in his pro se state post-conviction petition.[3] However, on appeal, counsel for Petitioner presented only the following issues:

---

[3] The details of Petitioner's claims are as follows:

Claim 8 is that Petitioner was deprived of his Sixth Amendment right to conflict-free counsel because D.C. Carr, Petitioner's trial counsel, called Petitioner a racial epithet and acted as though he hated Petitioner.

Claim 9 is that co-counsel at trial, Amil Myshin, provided ineffective assistance of counsel because he told Petitioner to forego certain witnesses and evidence because Idaho is a white supremacist state and he would not get a fair trial.

Claim 10 is that trial counsel was ineffective by not reviewing information the police had received from neighbors concerning cars coming and going from the residence where the shootings took place, suggesting the residents were selling drugs.

Claim 11 is that trial counsel was ineffective for not seeking bail. Petitioner asserts that the state charged first-degree murder as a pretext and solely to coerce Petitioner to plead guilty to a lesser offense.

Claim 12 is that trial counsel was ineffective by not redacting or excluding the videotape of Petitioner's interview with police, and the tape violated Petitioner's Fifth and Fourteenth Amendment right to an impartial jury.

Claim 13 is that trial counsel was ineffective by not objecting to the composition of the jury as seated, and that the impaneled jury violated his Fourteenth Amendment right to an impartial jury.

There is no Claim 14.

Claim 15 is that trial counsel was ineffective by stating in closing argument, "He's not innocent, but he's not guilty, either," and telling the jury, "He's from California; he's not like us," alienating Petitioner from the jury.

Claim 16 is that trial counsel was ineffective for failing to file an I.C.R. 29 motion within 14 days as requested by Petitioner.

Claim 17 is that trial counsel was ineffective by not calling numerous witnesses, including police officers, who had previously raided the residence where the shooting occurred for drugs, and other witnesses who had been injured by the bad acts of the Kelleys.

Claim 18 is that trial counsel was ineffective by not objecting to an audiotape interview between police and Petitioner that had the potential to prejudice members of the jury toward Petitioner because he made anti-Catholic statements. This claim was separately mentioned on

**MEMORANDUM ORDER   10**

(1) whether the district court erred in dismissing the jury instruction claim; and (2) whether the district court erred in dismissing the remaining claims. *State's Exhibit D-2*, at p. 3. Petitioner presented approximately 20 pages of briefing on the jury instruction claim. *Id*. at pp. 6-26. Petitioner presented only two paragraphs on the error in dismissing the remaining claims, arguing that the district court had erroneously dismissed all of the claims and issues in the face of uncontroverted evidence presented at the evidentiary hearing. *Id*. at p. 27.

The Idaho Court of Appeals characterized Petitioner's brief as presenting two claims and one "cursory" claim. The two claims it recognized were (1) whether the district court inadequately instructed the jury regarding self-defense as a defense to manslaughter and aggravated battery; and (2) whether appellate counsel was ineffective for failing to raise that particular jury instruction issue on appeal. *State's Exhibit D-5*, at p. 2. The Court then noted: "Custodio further asserts in a cursory manner that the district court erred in dismissing his other claims. He does not offer any specific argument on his claims . . . ." *Id*. at p. 4.

In analyzing the third "cursory" claim regarding "all remaining claims," the Idaho Court of Appeals noted that the district court had addressed each of Petitioner's claims and had determined that the issues "had already been decided on direct appeal, had been waived by failure to raise them on direct appeal, or were unsupported by argument or evidence. *Id*.

---

appeal of the post-conviction petition, but no specific argument was presented and no federal issue was presented. *See State's Exhibit D-2*, at p. 18; *State's Exhibit D-5*, at p. 4.
   Claim 19 is that appellate counsel was ineffective by not raising all requested, non-frivolous issues on appeal.

**MEMORANDUM ORDER 11**

at 9. The Court of Appeals noted that Petitioner's only argument on appeal was that he "alleges error through the dismissal of all claims," arguing that "the district court was required to accept the factual allegations in his application as true unless controverted by the state." *Id.* at 10. The Idaho Court of Appeals addressed that argument, stating that, under the law, the "judge, as sole trier of the facts, is not required to construe evidence favorably to the plaintiff." *Id.* The Court stated, that, on appeal, "[w]e will not disturb that determination unless it is shown to be clearly erroneous." *Id.*

The Court then determined that Custodio had failed to present argument or point to facts on appeal to show that the state district court's determination was clearly erroneous:

> On this appeal, Custodio has offered no argument to show that his claims, even assuming the factual allegations in his application were true, established a basis for relief or that the district court's determination of his claims after the hearing were clearly erroneous. Rather, Custodio simply alleges error through the dismissal of all claims. This Court will not search the record for unspecified errors. Therefore, we hold that Custodio has not shown any reversible error.

*Id.*

The foregoing excerpts from the Idaho Court of Appeals' opinion shows that it addressed the merits of Petitioner's claim on appeal – which was whether the state district court erred in dismissing the remainder of Petitioner's claims where the post-conviction petition was verified and no controverting evidence was presented at hearing. Petitioner did not choose to present the merits of each dismissed claim on appeal, but chose to present a different argument, which the Court of Appeals rejected on state law grounds (Idaho Rule

**MEMORANDUM ORDER   12**

41(b)). *See id.* As a result, this Court concludes that Petitioner did not fairly present Claims 8 through 19 on appeal, and the Court of Appeals did not independently address the merits of each claim. Therefore, Claims 8 through 19 are procedurally defaulted and cannot be heard absent a showing of cause and prejudice or actual innocence.

Claim 7

The remaining claim at issue, Claim 7, is that the trial court violated Petitioner's Fifth and Fourteenth Amendment right to a fair trial when it failed to instruct the jury as to the state's burden to prove he did not act in self-defense related to his convictions for voluntary manslaughter, involuntary manslaughter, and aggravated battery. As noted above, the Idaho Court of Appeals construed Petitioner's claims on appeal as (1) whether the district court inadequately instructed the jury regarding self-defense as a defense to manslaughter and aggravated battery; and (2) whether appellate counsel was ineffective for failing to raise that jury instruction issue on appeal. *State's Exhibit D-5*, at p. 2. However, the Court of Appeals noted that the state district court had "held that the jury instruction issue regarding self-defense was waived by appellate counsel's failure to raise the issue on direct appeal." *Id.* at 3. The Court of Appeals addressed the jury instruction issue *only* as an ineffective assistance of appellate counsel claim. *Id.* at 4-9. This Court also notes that in the appellate brief, the substantive jury instruction issue was not presented as a federal issue,[4] while the ineffective

---

[4] Because the substantive jury instruction was not presented as a federal issue in state court, the Court need not determine whether the Court of Appeals' determination that the issue should have been presented on direct appeal was an adequate and independent state ground for

**MEMORANDUM ORDER** 13

assistance of counsel claim was argued as a federal issue, relying on *Strickland v. Washington*, 466 U.S. 668 (1984).

As a result, Petitioner cannot present the jury issue as a stand-alone substantive claim, because it is procedurally defaulted, but he can present the jury question issue in the context of an ineffective assistance of appellate counsel claim. Petitioner's Claim 7 shall be construed as such a claim, and further amendment shall not be required.

## C. CAUSE AND PREJUDICE EXCEPTION

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *See Murray v. Carrier*, 477 U.S. at 488; *Schlup v. Delo*, 513 U.S. at 329.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

rejecting the claim.

**MEMORANDUM ORDER   14**

Because a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993), any errors of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

The Court will provide Petitioner with an additional time period to show cause and prejudice for the default of his claims as outlined below.

### D.   MISCARRIAGE OF JUSTICE (ACTUAL INNOCENCE) EXCEPTION

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may

**MEMORANDUM ORDER   15**

proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

Petitioner asserts that his procedural default should be excused because he is actually innocent. *See Response to Motion for Summary Dismissal* (Docket No. 24). He argues that a witness recanted his testimony about whether the victim had a knife. Petitioner does not mention the name of the witness, and what Petitioner is referencing is unclear. The Court will provide Petitioner with an additional time period to clarify his argument and the facts supporting his assertion of actual innocence.

E.  **SUMMARY AND DEADLINES**

The Court concludes that the following claims are procedurally defaulted, and that cause and prejudice must be shown to excuse their default: Claims 2, 3, 5, and 7 (jury instruction claim as a substantive claim), and 8 through 19. Therefore, Petitioner may not proceed on these claims unless he shows cause and prejudice. The Court will allow Petitioner through May 31, 2006, in which to file a brief, with supporting exhibits and/or affidavits demonstrating cause and prejudice as to the defaulted claims. Respondent may file a response within 20 days, and Petitioner may file a reply within 14 days. The Court has alternatively denied Claim 6, the excessive sentence claim, on the merits, and so Petitioner need not provide further briefing on that claim.

**MEMORANDUM ORDER  16**

Petitioner may proceed on the merits of Claim 1 (not at issue here), Claim 4 (not at issue here), and Claim 7 as an ineffective assistance of appellate counsel claim. All motions for summary judgment on the remaining claims shall be filed no later than July 31, 2006.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Judgment (Docket No. 15) is conditionally GRANTED in part and DENIED in part. Claims 2, 3, 5, and 7 (jury instruction claim as a substantive claim), and 8 through 19 shall be dismissed with prejudice unless Petitioner is able to show cause and prejudice or actual innocence to excuse their default. Petitioner may proceed on Claim 1, Claim 4, and Claim 7 as an ineffective assistance of appellate counsel claim. Claim 6 is procedurally defaulted and alternatively dismissed with prejudice on the merits. Claims 20 through 25 are dismissed for failure to state a claim or because they duplicate other claims.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion to Strike (Docket No. 16) is GRANTED in part and DENIED in part. Petitioner may not use as evidence in support of the merits of his claims the following: Docket No. 11, Attachment 1, pp. 2-7 (6-page police report); Docket No. 11, Attachment 3, pp. 9-10 (Pat Owen letter); or Docket No. 11, Attachment 3, pp. 15-16 (notes about witnesses). However, Petitioner may use these items in support of his cause and prejudice or actual innocence arguments.

**MEMORANDUM ORDER   17**

IT IS FURTHER HEREBY ORDERED that the Court will allow Petitioner through **May 31, 2006**, in which to file a brief, with supporting exhibits and/or affidavits demonstrating cause and prejudice or actual innocence as to the defaulted claims. Respondent may file a response within 20 days, and Petitioner may file a reply within 14 days.

IT IS FURTHER HEREBY ORDERED that all motions for summary judgment on the remaining claims shall be filed no later than **July 31, 2006.** Responses are due 30 days after motions are filed, and replies, if any, are due 14 days after responses are filed.

DATED: **March 10, 2006**

_(signature)_
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER   18**