IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIAS CUSTODIO, ) | |
| ) | |
| Petitioner, ) | Case No. CV04-589-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| GREG FISHER, Warden, I.M.S.I., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court are the following motions: Petitioner's Motion for Reconsideration of Motion to Appoint Counsel (Docket No. 28), Petitioner's Motion for Extension of Time to Respond to Court Order (Docket No. 30), Respondent's Motion for Extension of Time to File a Motion for Summary Judgment (Docket No. 32), Petitioner's Motion for Clarification of Order and for Extension of Time to Comply (Docket No. 34), Petitioner's Motion to Supplement Brief (Docket No. 36), and Petitioner's Motion for Clerk's Record without Cost (Docket No. 37). Respondent's Motion for Summary Judgment (Docket No. 50) is not currently at issue.

**MEMORANDUM ORDER - 1**

Having reviewed the Motions and Responses, and having considered the state court record, the Court finds that oral argument is unnecessary to resolve the Motions. Accordingly, the Court enters the following Order.

## I.

## BACKGROUND

### A.      Factual Background

After trial by jury, Petitioner was convicted of involuntary manslaughter in the death of Patrick Kelley, voluntary manslaughter in the death of Jacob Kelley, aggravated battery in the shooting of Katherine Kelley, and burglary. *State's Exhibit A-2*. After his conviction, Petitioner filed a direct appeal and a post-conviction action. *See State's Exhibits B-1 through D-7*. Petitioner received some relief on a sentence enhancement claim on direct appeal, but was otherwise unsuccessful in the Idaho appellate courts.

### B.      Procedural History

The Court previously dismissed Claim 6 on the merits, and it dismissed Claims 20 through 25 for failure to state a claim or as duplicate claims. The Court conditionally dismissed Claims 2, 3, 5, 7 (as a jury instruction claim), and 8 through 19, all as procedurally defaulted, and allowed Petitioner an additional opportunity to show cause and prejudice or miscarriage of justice to excuse the default of those claims. The Court allowed Petitioner to proceed on the merits of Claim 1, 4, and 7 (as an ineffective assistance of counsel claim).

**MEMORANDUM ORDER - 2**

## II.

## PENDING MOTIONS

**A.     Docket No. 28**

Petitioner has filed a Motion for Reconsideration of Motion to Appoint Counsel. Having considered the record again, the Court declines to appoint counsel for Petitioner. Petitioner's case is not of an extraordinary nature that would warrant appointment of counsel.  If the Court later determines that an evidentiary hearing is required, counsel will be appointed.

**B.     Docket No. 30**

Petitioner has filed a Motion for Extension of Time to Respond to Court Order regarding presentation of his cause and prejudice and/or miscarriage of justice arguments. He cites his lack of legal training and legal materials as reasons for the delay.  Good cause appearing, Petitioner's Motion is granted. Petitioner's Response Brief (Docket No. 33)is considered timely filed.

**C.     Docket No. 32**

Respondent has filed a Motion for Extension of Time to File a Motion for Summary Judgment.  Respondent's counsel cites his unusually heavy caseload as reason for the request for an additional 30 days.  Good cause appearing, Respondent's Motion is granted.  Respondent's Motion for Summary Judgment (Docket No. 50) is considered timely filed.

**MEMORANDUM ORDER - 3**

  D. **Docket No. 34**

  Petitioner's Motion for Clarification of Order and for Extension of Time to Comply requests clarification from the Court on how to brief the merits of claims 1, 4, and 7. The Motion shall be granted to the extent that the Court shall provide Petitioner with the standard of law which he must meet in order to obtain relief on his claims. The Court notes that, upon a preliminary review of Petitioner's Response (Docket No. 52), it appears that he has addressed the proper standards of law.

  In order to obtain federal habeas corpus relief from a state court judgment, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

  In *Williams v. Taylor*, 529 U.S. 362, 385 (2000), the United States Supreme Court explained that, to prevail under § 2254(d)(1), a petitioner must show that the state court was "wrong as a matter of law," in that it "applie[d] a legal rule that contradicts our prior holdings" or that it "reache[d] a different result from one of our cases despite confronting indistinguishable facts." *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000) (citing

**MEMORANDUM ORDER - 4**

*Williams v. Taylor*).  Or, a petitioner can prevail by showing that the state court was "[objectively] unreasonable in applying the governing legal principle to the facts of the case," or "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled," *Ramdass v. Angelone*, 530 U.S. at 166 (citing *Williams v. Taylor*); however, a petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.

Petitioner may use Respondent's asserted "clearly established law" set forth in Respondent's Memorandum in support of the Motion for Summary Judgment if Petitioner agrees that no other United States Supreme Court case law governs the issue, or he many assert that other United States Supreme Court case law should govern.  The Court is aware that there are very limited legal resources available at the prison, and expects Petitioner to focus mainly on the facts in the record that support his position.  The Court does not rely solely on the briefing from the parties, but conducts its own independent research of the law.

The Court will allow Petitioner to supplement his briefing on the merits of Claims 1, 4, and 7 no later than January 30, 2007.

**MEMORANDUM ORDER - 5**

E.  **Docket No. 36**

Petitioner's Motion to Supplement Brief requests permission to file a supplement to his Brief (Docket No. 33), showing cause and prejudice. Good cause appearing, the Motion is granted. Any supplement shall be filed no later than January 30, 2007.

F.  **Docket No. 37**

Petitioner has also filed a Motion for Clerk's Record without Cost (Docket No. 37). It is unclear what Petitioner needs. It appears that he wishes to have the record of this case in order correctly cite docket numbers. Citing to docket numbers is unnecessary for pro se litigants. Petitioner needs to cite to the state court record, and can do so by citing the name of the document and the page number of that document.

It is assumed in a federal habeas proceeding that the petitioner already has a copy of the state court record, having completed his litigation in the state courts. The Court does not provide indigent inmates with copies of the state court record unless an inmate outlines which documents he has (or which he does not have), because the inmate's former attorney is supposed to have provided him with the record from the state court.

If Petitioner is missing part of the state court record, he may request that the Court provide him with the specific missing portions by filing a new request no later than January 12, 2007. However, because of the vagueness of Petitioner's current request, it is

**MEMORANDUM ORDER - 6**

denied.  If Petitioner files a new request that is granted, the Court will also grant an additional time period for Petitioner to submit supplemental briefing.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Petitioner's Motion for Reconsideration of Motion to Appoint Counsel (Docket No. 28) is DENIED.

B. Petitioner's Motion for Extension of Time to Respond to Court Order (Docket No. 30) is GRANTED.  Petitioner's Response Brief is considered timely filed.

C. Respondent's Motion for Extension of Time to File Motion for Summary Judgment (Docket No. 32) is GRANTED.  Respondent's Motion for Summary Judgment is considered timely filed.

D   Petitioner's Motion for Clarification of Order and for Extension of Time to Comply (Docket No. 34) is GRANTED.  Petitioner may file a supplement to his briefing on the merits of Claims 1, 4, and 7 no later than **January 30, 2007.**

E. Petitioner's Motion to Supplement Brief (Docket No. 36) is GRANTED.  Any supplement shall be filed no later than **January 30, 2007.**

**MEMORANDUM ORDER - 7**

F. Petitioner's Motion for Clerk's Record without Cost (Docket No. 37) is DENIED.  If Petitioner wishes to file a second request for records that is particular in nature, he must do so no later than **January 12, 2007.**  The Clerk of Court is directed to send Petitioner a copy of the docket sheet for this case with his copy of this Order.

DATED:  **January 3, 2007**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 8**